# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TRIAD RX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 4:14-cv-01459-CEJ |
| v. | ) | |
| | ) | |
| EXPRESS SCRIPTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW, Defendant Express Scripts, Inc. ("Express Scripts"), by and through its undersigned counsel, and respectfully submits its Answer and Affirmative Defenses to Plaintiff's Verified Complaint (Doc. No. 1).

1. Express Scripts lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 and, therefore, denies the same.

2. Admitted.

3. Admitted.

4. Express Scripts admits it sent Triad a notice of termination on or about July 24, 2014, in which it identified that it was terminating Triad from its pharmacy network pursuant to Section 4.2(c) of the Provider Agreement and Appendix B of the Provider Manual in effect between the parties. Except as expressly admitted herein, Express Scripts denies any remaining allegations or inferences contained in Paragraph 4.

5. Express Scripts admits that its decision to terminate Triad from its pharmacy network was based, in part, on Triad's material misrepresentations in its April 7, 2014 Provider Certification. Except as expressly admitted herein, Express Scripts denies the remaining

allegations in Paragraph 5.

6. Express Scripts admits that Triad is seeking injunctive relief under Federal Rule of Civil Procedure 65. Express Scripts denies that relief under Rule 65 is proper under these circumstances and denies any remaining allegations contained in Paragraph 6.

7. Express Scripts lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 and, therefore, denies the same.

8. Express Scripts admits it is a Delaware corporation with its principal place of business located at 1 Express Way, St. Louis, Missouri 63121. Except as expressly admitted herein, Express Scripts lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 8 and, therefore, denies the same.

9. Admitted.

10. Express Scripts admits that venue is appropriate in this District. Express Scripts admits that the events giving rise to Plaintiff's Complaint occurred in this District, though Express Scripts specifically denies it engaged in any unlawful or wrongful conduct.

11. Express Scripts admits that it entered into the Agreement with Triad. Express Scripts further admits that it creates pharmacy provider networks by negotiating with pharmacies that agree to fill prescriptions for health plan members. Except as expressly admitted herein, Express Scripts lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 11 and, therefore, denies the same.

12. Express Scripts lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 and, therefore, denies the same.

13. Admitted.

14. Express Scripts admits that it entered into the Agreement with Triad dated May

21, 2014. Express Scripts lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 14 and, therefore, denies the same.

15. Express Scripts admits that Paragraph 15 accurately quotes Section 2.5 of the Agreement. Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 15.

16. Express Scripts admits that Paragraph 16 accurately quotes a portion of Section 4.2(c) of the Agreement.  Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 16

17. Express Scripts admits that Paragraph 17 accurately quotes a portion of Appendix B, Termination, "Immediate Termination" of the 2014 Provider Manual.  Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 17.

18. Express Scripts admits that it provided Triad with the Certification.  Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 18.

19. Admitted.

20. Express Scripts admits it sent a notice of termination to Triad on or about July 24, 2014 and that Exhibit 1 to the Verified Complaint is an accurate copy of said correspondence. Express Scripts states that the July 24, 2014 correspondence to Triad is the best evidence of its contents and speaks for itself.  Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 20.

21. Express Scripts states that the July 24, 2014 correspondence to Triad is the best evidence of its contents and speaks for itself. Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 21.

22. Denied.

23. Denied.

24. Express Scripts lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 and, therefore, denies the same.

25. Express Scripts lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 and, therefore, denies the same.

26. Denied.

27. Express Scripts lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 and, therefore, denies the same.

28. Denied.

29. Express Scripts admits that Exhibit 2 to the Verified Complaint is a true and accurate copy of Triad's letter received by Express Scripts on or about July 30, 2014. Express Scripts states that the July 30, 2014 correspondence is the best evidence of its contents and speaks for itself. Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 29.

30. Express Scripts admits that Exhibit 3 to the Verified Complaint is an accurate copy of e-mail correspondence exchanged between Express Scripts and Triad between August 5, 2014 and August 14, 2014. Express Scripts states that the August 14, 2014 correspondence is the best evidence of its contents and speaks for itself. Except as expressly stated herein, Express Scripts denies the remaining allegations contained in Paragraph 30.

**COUNT I**
**DECLARATION OF VERACITY AS TO TRIAD'S RESPONSE TO QUESTION 29 OF THE PROVIDER CERTIFICATION**

31. Express Scripts hereby incorporates its responses to Paragraphs 1-30, as if fully

set forth herein.

32. Express Scripts lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 and, therefore, denies the same.

33. Express Scripts states that the July 24, 2014 correspondence is the best evidence of its contents and speaks for itself. Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 33.

34. Express Scripts states that the July 24, 2014 correspondence is the best evidence of its contents and speaks for itself. Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 34.

35. Admitted.

36. Admitted.

37. Express Scripts admits that Section 2.5 of the Provider Agreement requires Triad to "obtain reimbursement from the responsible party for the amount of any coupon accepted by [Triad] for a Covered Medication." Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 37.

38. Denied.

39. Denied.

40. Express Scripts admits that Paragraph 40 accurately quotes Appendix B, Termination, "Immediate Termination," of the 2014 Provider Manual in effect between the parties. Express Scripts further admits that its termination of Triad was based, in part, on Triad's violation of Appendix B of the 2014 Provider Manual. Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 40.

41. Denied.

## COUNT II
## BREACH OF CONTRACT

42. Express Scripts hereby incorporates its responses to Paragraphs 1-41, as if fully set forth herein.

43. Admitted.

44. Denied.

45. Express Scripts admits that Paragraph 45 accurately quotes a portion of Section 4.2(c) of the Provider Agreement in effect between the parties. Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 45.

46. Express Scripts admits that Paragraph 46 accurately quotes a portion of Appendix B, Termination, "Immediate Termination," of the 2014 Provider Manual. Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 46.

47. Express Scripts admits that Section 2.5 of the Provider Agreement requires Triad to "obtain reimbursement from the responsible party for the amount of any coupon accepted by [Triad] for a Covered Medication." Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 47.

48. Denied.

49. Express Scripts admits that its decision to terminate Triad from its pharmacy network was based, in part, on Triad's material misrepresentation in its response to Question 29 of the Provider Certification. Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 49.

50. Denied.

51. Denied.

## COUNT III

**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

52. Express Scripts hereby incorporates its responses to Paragraphs 1-51, as if fully set forth herein.

53. Express Scripts lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 53 and, therefore, denies the same.

54. Express Scripts lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 54 and, therefore, denies the same.

55. Express Scripts admits it entered a Provider Agreement with Triad dated May 21, 2014.  Except as expressly admitted herein, Express Scripts denies all remaining allegations contained in Paragraph 55.

56. Denied.

57. Express Scripts admits that Section 2.5 of the Provider Agreement requires Triad to "obtain reimbursement from the responsible party for the amount of any coupon accepted by [Triad] for a Covered Medication."  Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 57.

58. Denied.

59. Denied.

**COUNT IV**
**INJUNCTIVE RELIEF**

60. Express Scripts hereby incorporates its responses to Paragraphs 1-59, as if fully set forth herein.

61. Express Scripts admits that Triad is seeking injunctive relief under Federal Rule of Civil Procedure 65.  Express Scripts denies that relief under Rule 65 is proper under these circumstances and any remaining allegations contained in Paragraph 61.

62. Express Scripts admits that Section 2.5 of the Provider Agreement requires Triad to "obtain reimbursement from the responsible party for the amount of any coupon accepted by [Triad] for a Covered Medication." Except as expressly admitted herein, Express Scripts denies the remaining allegations contained in Paragraph 62.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## **AFFIRMATIVE DEFENSES**

1. Triad's Complaint fails to state a claim upon which relief may be granted.

2. Triad's claims are barred, in whole or in part, by the equitable doctrines of unclean hands and/or estoppel by reason of Triad's knowledge, conduct, or own wrongful acts.

3. Triad's claims are barred, in whole or in part, because any damages or losses Triad has alleged, if such damages or losses exist, were proximately caused or contributed to by Triad's own conduct.

4. Triad's claims are barred, in whole or in part, because Triad was the first to breach the parties' Agreement and Triad's prior breach of the material terms of the Agreement precludes its claims.

5. Triad's claims are barred, in whole or in part, because Express Scripts' termination of Triad from its pharmacy network was justified and proper under the terms of the parties' Agreement.

6. Triad's claims are barred, in whole or in part, because it has failed to perform all obligations and conditions precedent and/or subsequent to the Agreement.

7. Triad's claims are barred, in whole or in part, because the alleged conduct of Express Scripts was excused and/or privileged because it was done in the mitigation of harm caused to Express Scripts by Triad's prior breach and wrongful/unlawful conduct.

8. Triad's claims are barred, in whole or in part, because Express Scripts retains the right to terminate the parties' Agreement without cause upon 30 days' notice, thereby making any injunctive relief futile.

9. Express Scripts does not knowingly and intentionally waive any affirmative defenses, and reserves the right to assert any additional affirmative defense and claims of avoidance as may be appropriate based on the facts or issues disclosed during the course of additional investigation and discovery.

WHEREFORE, Express Scripts, Inc., having fully answered Triad's Verified Complaint, respectfully requests that this Court dismiss Triad's Verified Complaint with prejudice and enter judgment in favor of Express Scripts, award Express Scripts its costs and fees incurred herein, and grant such other and further relief as the Court deems just and proper.

Dated:  September 12, 2014

                    Respectfully submitted,

                    HUSCH BLACKWELL LLP

By:   /s/ Sarah C. Hellmann      .
       Sarah C. Hellmann, Esq., #50373MO
       Tanya M. Maerz, Esq., #63987MO
       HUSCH BLACKWELL LLP
       190 Carondelet Plaza, Suite 600
       St. Louis, MO  63105
       (314) 480-1500
       (314) 480-1505 (facsimile)
       Sarah.hellmann@huschblackwell.com
       Tanya.maerz@huschblackwell.com

*Attorneys for Express Scripts, Inc.*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed on the 12th day of September, 2014, with the Clerk of the Court using the CM/ECF system and served upon all counsel of record.

Alexander T. Ricke
Michael D. Pospisil
Boyce N. Richardson
EDGAR LAW FIRM LLC
1032 Pennsylvania Avenue
Kansas City, Missouri 64105
atr@edgarlawfirm.com
mdp@edgarlawfirm.com
bnr@edgarlawfirm.com

*Counsel for Plaintiff Triad Rx, Inc.*

                    /s/ Sarah C. Hellmann